IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ISHIANA COULIBALY,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, EXPERIAN DATA CORP. D/B/A EXPERIAN RENTBUREAU, NATIONAL CREDIT SYSTEMS, INC., and BARRY COURT APARTMENTS LLC,<br><br>Defendants. | Civil Action No. |

## COMPLAINT

### PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer, Ishiana Coulibaly, against Trans Union, LLC ("TransUnion"), Experian Data Corp. d/b/a Experian RentBureau ("Experian"), National Credit Systems, Inc. ("NCS") and Barry Court Apartments LLC ("Barry Court"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.,* Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.,* Pennsylvania Unfair Trade Practice and Consumer Protection Law, 73 P.S. §201-1, *et seq.* ("UTPCPL")*,* and the Pennsylvania Fair Credit Extension Uniformity Act. 73 P.S. §2770.4 ("FCEUA").

### THE PARTIES

1. Plaintiff Ishiana Coulibaly is an adult individual residing in Philadelphia, Pennsylvania.

2. Trans Union is a Delaware limited liability company registered to conduct business in the Commonwealth of Pennsylvania.

3. Experian is a Delaware corporation that regularly conducts business in the Commonwealth of Pennsylvania with a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

4. NCS is a Georgia corporation registered to conduct business in the Commonwealth of Pennsylvania.

5. Barry Court is a Pennsylvania limited liability company with a principal place of business located at 1500 Avenue of the States, Ste. 308 Lakewood, NJ 08701.

## JURISDICTION & VENUE

6. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

7. This Court further possesses supplemental jurisdiction pursuant to 28 U.S.C. §1367 as the state law claims alleged here are related to the claims in this matter within original jurisdiction so as to be considered part of the same case or controversy.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania, and Defendant possess sufficient contacts with this District to be deemed to reside in this District.

## FACTUAL ALLEGATIONS

9. Ms. Coulibaly is a "consumer" as that term is defined by the FCRA, FDCPA and FCEUA. 15 U.S.C. §1681a(c), 15 U.S.C. §1692a(3), 73 P.S. §2270.3.

10. Trans Union and Experian are "consumer reporting agencies" as that term is defined by the FCRA. 15 U.S.C. §1681a(f).

11. Trans Union and Experian have been and continue to sell credit reports about Ms. Coulibaly.

12. The credit reports sold by Trans Union and Experian are "consumer reports" as that term is defined by the FCRA. 15 U.S.C. §1681a(d)(1).

13. NCS is a "furnisher" as that term is defined by the FCRA. 15 U.S.C. §1681s-2(b).

14. NCS is also a "debt collector" as that term is defined by the FDCPA and FCEUA. 15 U.S.C. §1692a(6), 73 P.S. §2270.3.

15. Barry Court is a "creditor" and/or "debt collector" as that term is defined by the FCEUA. 73 P.S. §2770.3.

16. All contacts between Defendants NCS and Barry Court and Ms. Coulibaly were "communications" relating to a "debt" as defined by the FDCPA and FCEUA. 15 U.S.C. §§ 1692a(2), 1692a(5), 73 P.S. § 2270.3.

17. The debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

18. Ms. Coulibaly previously rented an apartment from Barry Court.

19. Ms. Coulibaly failed to make on-time monthly rent payments per the lease agreement with Barry Court.

20. Barry Court filed a lawsuit against Ms. Coulibaly and obtained a judgment in the amount of $3,079.82 by agreement with Ms. Coulibaly.

3

21. Barry Court then engaged the services of NCS to begin engaging in debt collection activities against Ms. Coulibaly for an alleged debt with the inflated amount of $4,553.22. (hereafter the "debt").

22. NCS reported the debt with the inflated amount to the consumer reporting agencies Trans Union and Experian thus harming Ms. Coulibaly's credit standing and failing to report the tradeline as disputed (the "Inaccurate Information").

23. The activities described above were all done by Barry Court and NCS in an attempt to collect the debt with the intent to annoy, abuse and harass Ms. Coulibaly.

24. Barry Court and NCS acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

25. Barry Court and NCS acted in a false, deceptive, misleading and unfair manner by misrepresenting the character, amount, or legal status of the debt.

26. Barry Court and NCS acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

27. Barry Court and NCS acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

28. Barry Court and NCS knew or should have known that their actions violated the FDCPA and/or FCEUA. Additionally, Barry Court and NCS could have taken the steps necessary to bring their agents' actions within compliance but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

29. Trans Union and Experian also have been and continue to sell credit reports about Ms. Coulibaly with the Inaccurate Information on them to third parties.

30. The Inaccurate Information negatively reflects upon Ms. Coulibaly, Ms. Coulibaly's credit repayment history, Ms. Coulibaly's financial responsibility as a debtor and Ms. Coulibaly's credit worthiness.

31. Trans Union and Experian accordingly negligently and recklessly failed to employ reasonable procedures to assure maximum possible accuracy in preparing Ms. Coulibaly's credit reports.

32. Trans Union and Experian have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

33. Ms. Coulibaly has disputed the inaccurate information with Defendants by following Trans Union and Experian's established procedures for disputing consumer credit information.

34. Ms. Coulibaly has disputed the inaccurate information with TransUnion and Experian from April 2025 through the present.

35. Upon information and belief, the credit reporting agencies provided NCS with notice of Ms. Coulibaly's dispute.

36. Notwithstanding Ms. Coulibaly's efforts, TransUnion and Experian have sent Ms. Coulibaly correspondence indicating their intent to continue publishing the inaccurate information and Trans Union and Experian continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Trans Union and Experian have repeatedly

published and disseminated consumer reports to such third parties from at least April 2025 through the present.

37. TransUnion and Experian negligently and recklessly failed to conduct reasonable investigations of Ms. Coulibaly's disputes, *inter alia*, by: failing to conduct any investigation into the account at all; failing to review and consider the information submitted by Plaintiff; failing to contact Ms. Coulibaly to elicit more specific information about her disputes; failing to contact persons or entities with knowledge about the account; requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and failing to properly communicate the substance of the disputes to the relevant furnishers of the account at issue.

38. TransUnion and Experian also acted recklessly, *inter alia,* by routinely conducting investigations in the manner described above, and further, knew or should have known that the way they investigate disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

39. NCS has also negligently and recklessly failed to conduct timely and reasonable investigations after receiving notice of Ms. Coulibaly's disputes from Trans Union and Experian, *inter alia,* by: failing to conduct any investigation into the account at all; failing to properly review the relevant account information; failing to review and consider information submitted by Ms. Coulibaly; failing to contact Ms. Coulibaly to elicit more specific information about her disputes; failing to contact persons or entities with knowledge about the account; and/or failing to report the account as disputed.

6

40. NCS also acted recklessly, *inter alia,* by routinely conducting investigations in the manner described above, and further, knew or should have known that the way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

41. As of result of Defendants' conduct, Ms. Coulibaly has suffered actual damages in the form of harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

42. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

43. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Ms. Coulibaly herein.

## COUNT I – TRANS UNION AND EXPERIAN VIOLATIONS OF THE FCRA

44. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45. Trans Union and Experian violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report about Ms. Coulibaly as described above. 15 U.S.C. § 1681e(b).

46. Trans Union and Experian also violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Ms. Coulibaly's disputes as described above. 15 U.S.C. §1681i(a).

47. The conduct of Trans Union and Experian was a direct and proximate cause and/or substantial factor in causing the injuries to Ms. Coulibaly as described above.

48. As a result of the violations of the FCRA by Trans Union and Experian identified herein, these Defendants are liable to Ms. Coulibaly for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§1681n & 1681o.

## COUNT II – NCS
## VIOLATIONS OF THE FCRA

49. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

50. NCS violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Ms. Coulibaly's disputes as described above. 15 U.S.C. §1681s-2(b).

51. The conduct of NCS was a direct and proximate cause and/or substantial factor in causing the injuries to Ms. Coulibaly as described above.

52. As a result of the violations of the FCRA by NCS identified herein, NCS is liable to Ms. Coulibaly for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§1681n & 1681o.

## COUNT III – NCS
## VIOLATIONS OF FDCPA

53. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

54. NCS violated the FDCPA as described above by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

55. NCS violated the FDCPA as described above by using false, deceptive or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

56. NCS violated the FDCPA as described above by misrepresenting the character, amount, or legal status of the debt. 15 U.S.C. § 1692e(2)(A).

57. NCS violated the FDCPA as described above by the use of false representation or deceptive means to collect or attempt to collect against Ms. Coulibaly. 15 U.S.C. § 1692e(10).

58. NCS violated the FDCPA as described above by using unfair or unconscionable means to attempt to collect the debt. 15 U.S.C. § 1692f.

59. NCS's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Ms. Coulibaly's rights under the law and with the purpose of coercing Ms. Coulibaly to pay the inflated balance of the alleged debt.

60. As a result of the above violations of the FDCPA, NCS is liable to Ms. Coulibaly for: statutory damages, actual damages and attorneys' fees and costs. 15 U.S.C. § 1692k.

## COUNT IV – BARRY COURT
## VIOLATIONS OF FCEUA

61. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

62. Barry Court, a creditor under the FCEUA, violated the FCEUA as described above by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. 73 P.S. §2770.4(b)(4).

63. Barry Court violated the FCEUA as described above by using false, deceptive or misleading representations or means in connection with the collection of any debt. 73 P.S. §2770.4(b)(5).

64. Barry Court violated the FCEUA as described above by misrepresenting the character, amount, or legal status of the debt. 73 P.S. §2770.4(b)(5)(ii).

65. Barry Court violated the FCEUA as described above by the use of false representation or deceptive means to collect or attempt to collect against Ms. Coulibaly. 73 P.S. §2770.4(b)(5)(x).

66. Barry Court violated the FCEUA as described above by using unfair or unconscionable means to attempt to collect the debt. 73 P.S. §2770.4(b)(6).

67. Barry Court's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Ms. Coulibaly's rights under the law.

68. Barry Court's conduct was absent bona fide error and a direct and proximate cause and/or substantial factor in causing the injuries to Ms. Coulibaly as described above.

69. Barry Court's violations of the FCEUA identified herein constitute a violation of the UTPCPL and, as a result, Defendant is liable to Ms. Coulibaly for damages to include: statutory damages, actual damages, treble damages, costs of this action and attorney's fees. 73 P.S. §2770.5(a), 73 P.S. 201-9.2(a).

## JURY TRIAL DEMAND

70. Ms. Coulibaly demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Coulibaly seeks judgment in her favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o, 1692k(a)(3), 73 P.S. 201-9.2(a); and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**GORSKI LAW, PLLC**

_____
GREGORY GORSKI
PA Attorney ID: 91365
610 Old York Road, Suite 400
Jenkintown, PA 19046
Tel: 215-330-2100
Email: greg@greggorskilaw.com

Attorneys for Plaintiff

Dated: November 4, 2025